McGriff v Mallory (2018 NY Slip Op 03003)





McGriff v Mallory


2018 NY Slip Op 03003


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


492 CA 17-01947

[*1]SHELDON L. MCGRIFF, PLAINTIFF-APPELLANT,
v
LESLIE A. MALLORY AND WILLIE MALLORY, DEFENDANTS-RESPONDENTS. 






LAW OFFICE OF ERIC B. GROSSMAN, WILLIAMSVILLE (ERIC B. GROSSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICES OF JOHN TROP, BUFFALO (LEAH A. COSTANZO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 23, 2017. The order, insofar as appealed from, denied that part of the motion of plaintiff for the cost of alternate service. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law with costs, the motion is granted in part and judgment is granted in favor of plaintiff in the amount of $110.53.
Memorandum: Plaintiff commenced this negligence action by serving defendants by mail pursuant to CPLR 312-a (a) and thereafter utilized "an alternative method" of service of process when "the acknowledgment of receipt" was not returned by defendants or the other persons set forth in CPLR 312-a (b) within the requisite 30-day period. Plaintiff moved for, inter alia, an immediate judgment in the amount of $110.53, i.e., the amount expended by plaintiff in serving defendants by the alternative method of service of process (see CPLR 312-a [f]). We agree with plaintiff that Supreme Court erred in denying that part of plaintiff's motion (see Murphy-Tarver v Lester, 23 AD3d 993, 993 [4th Dept 2005]). Here, plaintiff submitted prima facie evidence that his attorney mailed the requisite documents to defendants pursuant to CPLR 312-a (a), and defendants failed to raise an issue of fact with respect to that service.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court